KELLY, Judge:
 

 In this appeal, we must determine if an individual, who should have been joined as an indispensable party in an equity action but was not joined as an indispensable party, now has standing to bring a cause of action for wrongful use of civil proceedings against the party who instituted the equity action. We conclude that an indispensable party has standing to bring a cause of action for wrongful use of civil proceedings. We are next asked to determine if 1) the complaint alleges causes of action for wrongful use of civil proceedings and abuse of process against the plaintiff in the underlying equity action and against the plaintiffs attorney and 2) whether a cause of action for intentional infliction of emotional distress has been alleged against the plaintiff in the equity action. Under the facts of this case, a cause of action has been stated for wrongful use of civil proceedings against the plaintiff in the equity case. No cause of action has been stated against the plaintiffs attorney. Nor has a cause of action for abuse of process or intentional infliction of emotional distress been stated. Finally, we are called upon to determine if a plaintiff has the absolute right to plead over against a defendant when the plaintiffs preliminary objections to a defendant’s preliminary objections are dismissed. We conclude that when there are two defendants in the case and both defendants file separate but substantially similar preliminary objections to the plaintiffs complaint and the plaintiff has responded to one of the defendant’s preliminary objections, the plaintiff has, for practical purposes, responded to the other defendant’s preliminary objections. Thus, we reverse in part and affirm in part.
 

 The facts are as follows. Appellants, the Harts, own a mobile home park which they wished to expand. The Harts filed the necessary applications for approval with the Susquehanna County Planning Commission (“the Planning Commission”). Just as the Planning Commission was about to grant final approval, appellee, Elizabeth O’Malley, through her attorney, appellee, Charles Aliano, filed a suit in equity against
 
 *157
 
 the Planning Commission seeking to preliminarily and permanently enjoin the Planning Commission from approving the Harts’ application. The Harts’ land adjoins that of Mrs. O’Malley.
 

 The Honorable Kenneth W. Seamans, President Judge of Susquehanna County, on March 5, 1992 granted Mrs. O’Malley’s
 
 ex parte
 
 petition for a preliminary injunction and enjoined the Planning Commission from granting approval to the Harts’ application. Pursuant to Pennsylvania Rule of Civil Procedure 1521(d), a hearing was scheduled on Mrs. O’Malley’s complaint for March 10, 1992. However, on March 6, 1992, Judge Seamans approved and entered a stipulation in which the Planning Commission agreed “to continue the preliminary injunction in effect until a hearing or further order of court.” March 6, 1992 Stipulation. On March 9, 1992, Judge Seamans recused himself. The case was reassigned to the learned President Judge Brendan J. Vanston of the Sullivan County Court of Common Pleas.
 

 On April 9, 1992, the Harts filed a petition to intervene which was granted. The Harts filed a petition requesting that a hearing on the injunction be scheduled. The trial court scheduled a hearing for July 10, 1992. However, the effort to schedule the hearing was frustrated by the parties’ agreements to multiple continuances of the hearing. (Trial Court Opinion of President Judge Brendan J. Vanston, March 28, 1998 at 2). A hearing was scheduled for August 10, 1992, but on June 15, 1992, at the request of the County Solicitor, the hearing was continued. A new hearing date was set for October 16, 1992.
 

 The Harts retained new counsel who diverted the direction of this case by improperly filing in the Commonwealth Court, on June 25, 1992, an appeal from an interlocutory order. In July, 1992 the appeal was dismissed and reconsideration was denied. The Commonwealth Court remanded the record to the trial court.
 

 On October 16, 1992, the trial court held an evidentiary hearing and heard argument on the validity of the preliminary
 
 *158
 
 injunction. Following the hearing, the trial court vacated the preliminary injunction and granted summary judgment in the equity suit in favor of the Planning Commission and the Harts. In its opinion, the trial court states:
 

 At long last, this Court was finally able to conduct an evidentiary hearing and argument on the issue of continuation on the preliminary injunction on October 16, 1992. Following the hearing, the court vacated the injunctions and granted summary judgment in favor of Harts and the Planning Commission.
 

 Trial Court Opinion of President Judge Brendan J. Vanston, May 28, 1993 at 2.
 

 The Harts then instituted the case which is now before us on appeal. The Harts filed a complaint against both Elizabeth O’Malley and Charles Aliano, alleging wrongful use of civil proceedings and abuse of process. The complaint also included a count of intentional infliction of emotional distress against Mrs. O’Malley. Mrs. O’Malley and Mr. Aliano separately filed preliminary objections. The Harts filed preliminary objections to Mr. Aliano’s preliminary objections. The trial court dismissed the Harts’ preliminary objections to Mr. Aliano’s preliminary objections, sustained both appellees’ preliminary objections and dismissed the complaint against both appellees. This timely appeal follows.
 

 The Harts raise the following issues for our review:
 

 1. DOES AN INTERVENOR, WHO IS ACTUALLY AN INDISPENSABLE PARTY TO AN ACTION, HAVE STANDING TO BRING A SUIT FOR WRONGFUL USE OF CIVIL PROCEEDINGS AGAINST A PERSON WHO WRONGFULLY PROCURED, INITIATED, OR CONTINUED THE UNDERLYING ACTION?
 

 2. DOES AN INTERVENOR, WHO IS ACTUALLY AN INDISPENSABLE PARTY TO AN ACTION, HAVE STANDING TO BRING A SUIT FOR ABUSE OF PROCESS TO RECOVER DAMAGES FROM A PARTY TO THE UNDERLYING ACTION?
 

 
 *159
 
 3. DOES A PARTY HAVE AN ABSOLUTE RIGHT TO PLEAD OVER WHEN PRELIMINARY OBJECTIONS TO PRELIMINARY OBJECTIONS ARE OVERRULED?
 

 4. MAY A COMPLAINT FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BE DISMISSES [sic] ON A PRELIMINARY OBJECTION IN THE NATURE OF A DEMURRER BASED SOLELY UPON CONFLICTING PLEADINGS?
 

 Appellants’ Brief at 4.
 

 Our standard of review of an order granting preliminary objections in the nature of a demurrer is well-settled.
 

 All material facts set forth in the pleadings as well as all inferences reasonably deducible therefrom are admitted as true for the limited purpose of this review. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it. In reviewing the grant of a demurrer we are not bound by the inferences drawn by the trial court, nor are we bound by its conclusions of law. Furthermore, we will affirm the grant of such a motion only when the moving party’s right to succeed is certain and the case is so free from doubt that further proceedings would clearly be fruitless.
 
 Ford Motor Credit Co. v. Caiazzo,
 
 387 Pa.Super. 561, 566, 564 A.2d 931, 933 (1989) (collecting cases). Finally, “the novelty of a claim or theory alone, does not compel affirmance.”
 
 Neff v. Lasso, supra,
 
 [382 Pa.Super. 487] 555 A.2d [1304] at 1305 [ (1989) ].
 

 Foflygen v. R. Zemel, M.D.,
 
 420 Pa.Super. 18, 32, 615 A.2d 1345, 1352 (1992) (quoting
 
 Valley Forge Towers South Condominiums v. RonIke Foam Insulators, Inc.,
 
 393 Pa.Super. 339, 345, 574 A.2d 641, 644 (1990),
 
 affirmed per curiam,
 
 529 Pa. 512, 605 A.2d 798 (1992)).
 
 See also Kelly-Springfield Tire Co. v. D’Ambro,
 
 408 Pa.Super. 301, 596 A.2d 867 (1991).
 

 
 *160
 
 An action for wrongful use of civil proceedings differs from an action for abuse of process.
 
 Rosen v. American Bank of Rolla,
 
 426 Pa.Super. 376, 627 A.2d 190 (1993);
 
 Shaffer v. Stewart,
 
 326 Pa.Super. 135, 473 A.2d 1017 (1984);
 
 Weiss v. Equibank,
 
 313 Pa.Super. 446, 460 A.2d 271 (1983). “The gist of an action for abuse of process is the improper use of process after it has been issued, that is, a perversion of it.
 
 Mayer v. Walter,
 
 64 Pa. 283; Annotation, 80 A.L.R. 581 ... Malicious use of civil process has to do with the wrongful initiation of such process.”
 
 Rosen v. American Bank of Rolla, supra,
 
 426 Pa.Super. at 381, 627 A.2d at 192.
 
 See also Weiss v. Equibank, supra.
 

 Wrongful use of civil proceedings is a tort which arises when a person institutes civil proceedings with a malicious motive and lacking probable cause.
 
 Rosen v. American Bank of Rolla, supra; Shaffer v. Stewart, supra. See also Kelly-Springfield Tire Co. v. D'Ambro, supra.
 
 The tort has been codified at 42 Pa.C.S.A. § 8351 as follows:
 

 § 8351. Wrongful use of civil proceedings
 

 (a) Elements of action. — A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:
 

 (1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and
 

 (2) The proceedings have terminated in favor of the person against whom they are brought.
 

 To succeed in a cause of action for wrongful use of civil proceedings, a plaintiff must allege and prove the following three elements: 1) that the underlying proceedings were terminated in their favor; 2) that defendants caused those proceedings to be instituted against plaintiffs without probable cause; and 3) that the proceedings were instituted primarily for an improper cause.
 
 Kelly-Springfield Tire Co. v. D'Am-
 
 
 *161
 

 bro, supra; Shaffer v. Stewart, supra; Junod v. Bader,
 
 312 Pa.Super. 92, 458 A.2d 251 (1983).
 

 Instantly, the Harts aver that they have stated a cause of action against both Mrs. O’Malley and Mr. Aliano. They argue that the trial judge erred in dismissing the complaint for wrongful use of civil proceedings.
 

 Mrs. O’Malley argues that the Harts do not meet the threshold requirements set forth in the statute to sustain the cause of action for wrongful use of civil proceedings. Specifically, Mrs. O’Malley posits, the Harts do not have standing to bring a suit for wrongful use of civil proceedings because they were not an original “party” to the underlying action when it was initiated. Rather, Mrs. O’Malley states, the Harts were not a party to the suit until their petition to intervene was granted three months after the equity action was filed.
 
 [1]
 

 The Harts counter this argument with two distinct contentions. First, the Harts argue that the civil proceedings Mrs. O’Malley instituted were against them, despite the fact they were not the named defendants. Although the equity suit named the Planning Commission and requested that the Planning Commission be enjoined from approving the Harts’ application, the Harts aver that the action was intended to and, in actuality, did stop them from using their land in a legal and beneficial way. Therefore, the Harts conclude, the civil proceedings that Mrs. O’Malley initiated and continued were against them. Thus, the Harts assert they have standing to institute a wrongful use of civil proceedings action against Mrs. O’Malley.
 

 The Harts analogize the instant case to
 
 Weiss v. Equibank, supra.
 
 In
 
 Weiss v. Equibank, supra,
 
 Equibank bought a piece of property next to Weiss’ property. Equibank then attempted to buy Weiss’ property but Weiss refused to sell. Equibank razed the buildings on its property and then arranged for an engineering consulting firm to evaluate whether
 
 *162
 
 the razing of Equibank’s buildings had damaged the adjacent Weiss building. The engineering firm stated that Weiss’ building did not meet the building code. Equibank notified the township authorities who closed off Weiss’ building and marked it condemned. Weiss appealed the decision to the Board of Appeals which affirmed the condemnation. Weiss then took an appeal to the Court of Common Pleas.
 

 In a later action, Weiss sued Equibank for wrongful use of civil proceedings. The trial court held that Equibank was not a proper party in the wrongful use of civil proceedings brought against it by Weiss because Equibank was not a party in the underlying civil proceeding.
 
 Id.,
 
 313 Pa.Super. at 456, 460 A.2d at 276. This Court, however, held that Equibank was a proper party to a wrongful use of civil proceedings suit because it was Equibank’s actions which led to the initiation of civil proceedings against Weiss.
 
 Id.
 
 This holding is based on comment (a) of the Restatement (Second) of Torts § 674, Wrongful Use of Civil Proceedings — General Principle, which explains “initiation of proceedings”:
 

 a.
 
 Meaning of “initiation of proceedings.
 
 ” The person who initiates civil proceedings is the person who sets the machinery of the law in motion, whether he acts in his own name or in that of a third person, or whether the proceedings are brought to enforce a claim of his own or that of a third person.
 

 Since the term “civil proceedings” includes a counterclaim, one who filed a counterclaim to a cause of action initiates a civil proceeding.
 

 The Harts argue that because a defendant in a wrongful use of civil proceedings action need not be a party in the underlying action but need merely to have caused the initiation of the proceeding, the reverse also should be true. In short, the Harts urge that a plaintiff in a wrongful use of civil proceedings suit need not be a party to the underlying action so long as the plaintiff was adversely affected by the proceedings.
 

 Mrs. O’Malley posits, to the contrary, that a plaintiff in a wrongful use of civil proceedings action must be a party to the
 
 *163
 
 underlying action and cites
 
 Lessard v. Jersey Shore State Bank,
 
 702 F.Supp. 96 (M.D.Pa.1988) to support her contention. In
 
 Lessard v. Jersey Shore State Bank, supra,
 
 the court held that because the plaintiff in the wrongful use of civil proceedings suit was not an original, named party to the underlying action, she lacked standing and, therefore, could not set forth a cause of action under 42 Pa.C.S.A. § 8351 even though her interests had been adversely affected in the underlying action.
 

 Recently, this Court decided
 
 Rosen v. American Bank of Rolla, supra,
 
 regarding the requisite standing to maintain a wrongful use of civil proceedings claim. In
 
 Rosen v. American Bank of Rolla, supra,
 
 the plaintiff in the wrongful use of civil proceedings action was an attorney who had, in the underlying action, been subpoenaed to give a deposition regarding a settlement he had made for one of his clients. Rosen filed a wrongful use of civil proceedings action. In reaching the conclusion that Rosen had no standing to maintain an action under 42 Pa.C.S.A. § 8351, this Court stated:
 

 It has also been held that an action under 42 Pa.C.S. § 8351 cannot be maintained by one who was not a party to the underlying action.
 
 See: Lessard v. Jersey Shore State Bank,
 
 702 F.Supp. 96, 98 (M.D.Pa.1988) (“The plaintiff herein, was not a party to the underlying state court action. Thus, she lacks the requisite standing and cannot set forth a cause of action under 42 Pa.C.S.A. § 8351.”).
 
 Cf. Mintz v. Bur,
 
 6 Pa.D. & C.3d 779, 786 (Montg.1977),
 
 aff'd per curiam,
 
 257 Pa.Super. 641, 390 A.2d 311 (1978) (“The language of section 674 of the Restatement Torts 2d, indicates that a cause of action for wrongful use of civil process will not arise until civil proceedings have been brought against a party.... Mere adversity of interest is clearly not sufficient to meet the requirements of the Restatement.”).
 
 See also: Gosling v. Ace Hardware Corp.,
 
 616 F.Supp. 1195, 1197 (D.C.Ill.1985).
 

 It follows, therefore, that Rosen cannot maintain an action for wrongful use of a civil proceeding as defined by 42 Pa.C.S. § 8351. No civil proceeding was procured, instituí
 
 *164
 
 ed or continued against Rosen. The issuance of a subpoena to him in an action against a former client did not constitute the commencement of a civil action against him, as contemplated by the statute. Because there was no action against him, moreover, it could not have been decided in his favor.
 

 Id.,
 
 426 Pa.Super. at 383, 627 A.2d at 193.
 

 The case
 
 Mintz v. Bur,
 
 6 Pa.D. & C.3d 779 (Montg.1977),
 
 affirmed per curiam,
 
 257 Pa.Super. 641, 390 A.2d 311 (1978), which is cited in
 
 Rosen v. American Bank of Rolla, supra,
 
 is directly on point. In
 
 Mintz v. Bur, supra,
 
 the Board of Supervisors of Horsham Township amended the zoning ordinances of the township creating a new zone allowing townhouses, apartments and quadraplexes. Due to the amendment, plaintiffs (“Mintz”) planned to develop their property in accordance with the new zone. Defendant (“Bur”) filed an appeal with the Zoning Hearing Board of Horsham Township challenging the validity of the ordinances creating the new zone. The appeal stopped Mintz’s development of their property. Bur also took an appeal to the Court of Common Pleas. Bur’s action in the Court of Common Pleas was against the Board of Supervisors only.
 

 After suit was filed, Mintz’s petition to intervene was granted. The Zoning Board dismissed the appeal without prejudice. Because Bur failed to post the required bond for his appeal to the Court of Common Pleas, the Court of Common Pleas dismissed Bur’s appeal. Bur then appealed to the Commonwealth Court and renewed his appeal to the Zoning Board, which was later withdrawn. The Commonwealth Court dismissed Bur’s appeal.
 

 Mintz then filed suit against Bur for the tort of wrongful use of civil proceedings. Bur filed preliminary objections in the nature of a demurrer claiming Mintz had no standing to bring the action for wrongful use of civil proceedings. The trial court held that mere adversity of interest is clearly not sufficient to give a plaintiff standing to bring a wrongful use of civil proceedings claim and, therefore, Mintz did not have the
 
 *165
 
 standing to maintain a suit for wrongful use of civil proceedings against Bur.
 
 Id.
 
 at 786.
 

 Case law has consistently stated, in a variety of circumstances, that an action under 42 Pa.C.S.A. § 8351 for wrongful use of civil proceedings cannot be maintained by one who is not an original party to the underlying action.
 
 Lessard v. Jersey Shore State Bank, supra; Rosen v. American Bank of Rolla, supra; Mintz v. Bur, supra.
 
 Therefore, we cannot conclude that the Harts have standing to maintain a wrongful use of civil proceedings suit based on the argument that they were adversely affected by the underlying equity action.
 

 However, the Harts alternatively argue that they should have been joined as indispensable parties to the equity action brought by Mrs. O’Malley. The Harts assert that because they should have been recognized and joined as indispensable parties in the original action, we should hold that they have standing to bring the instant suit.
 

 As a general rule, an indispensable party is one whose rights are so connected with the claims of the litigants that no decree can be made without impairing its rights.
 
 Sprague v. Casey,
 
 520 Pa. 38, 550 A.2d 184 (1988);
 
 Grimme Combustion, Inc. v. Mergentime Corp.,
 
 406 Pa.Super. 620, 595 A.2d 77 (1991),
 
 alloc. denied,
 
 530 Pa. 644, 607 A.2d 254 (1992);
 
 Burkett v. Smyder,
 
 369 Pa.Super. 519, 535 A.2d 671 (1988). Appellate courts have consistently held that property owners are indispensable parties in lawsuits concerning the owners’ property rights.
 
 See Columbia Gas Transmission Corp. v. Diamond Fuel Co.,
 
 464 Pa. 377, 346 A.2d 788 (1975) (in litigation involving an easement, the fee simple owner of a servient tenement is an indispensable party);
 
 Barren v. Dubas,
 
 295 Pa.Super. 443, 441 A.2d 1315 (1982) (in a dispute as to the existence of an easement, all owners of the servient tenements are indispensable parties);
 
 Zerr v. Dept. of Environmental Resources,
 
 131 Pa.Cmwlth. 317, 570 A.2d 132 (1990) (United States which owned the mineral rights in a piece of property was an indispensable party in adjacent landowner’s suit for quiet title of strips of land along the boundary);
 
 Posel v.
 
 
 *166
 

 Redevelopment Authority,
 
 72 Pa.Cmwlth. 115, 456 A.2d 243 (1983) (equitable owner in a piece of property is an indispensable party to an equity action attempting to stop the sale of the property to the equitable owner).
 

 The absence of an indispensable party goes absolutely to the court’s jurisdiction.
 
 Sprague v. Casey, supra; Columbia Gas Transmission Corp. v. Diamond Fuel Co., supra; Tigue v. Basalyga,
 
 451 Pa. 436, 304 A.2d 119 (1973). If an indispensable party is not joined, a court is without jurisdiction to decide the matter.
 
 Fiore v. Oakwood Plaza Shopping Center,
 
 401 Pa.Super. 446, 585 A.2d 1012 (1991);
 
 Burkett v. Smyder, supra; Nelson by Nelson v. Dibble,
 
 353 Pa.Super. 537, 510 A.2d 792 (1986);
 
 Barren v. Dubas, supra.
 
 The absence of an indispensable party renders any order or decree of the court null and void.
 
 Barren v. Dubas, supra,
 
 295 Pa.Super. at 446, 441 A.2d at 1316.
 
 See also Columbia Gas Transmission Corp. v. Diamond Fuel Co., supra.
 
 The issue of “the failure to join an indispensable party” cannot be waived.
 
 Fiore v. Oakwood Plaza Shopping Center, Inc., supra; Nelson by Nelson v. Dibble, supra.
 

 Presently, the preliminary injunction which enjoined the Planning Commission from approving the Harts’ application to expand their mobile home park impaired the Harts’ property rights. Thus, the Harts, the owners of the property affected by the suit instituted by Mrs. O’Malley, were indispensable parties to the equity action. Because the Harts were indispensable parties to the equity action, it was error to grant the motion for a preliminary injunction in their absence. Accordingly, the Harts should not be barred from bringing a cause of action pursuant to 42 Pa.C.S.A. § 8351 against Mrs. O’Malley due to her failure to properly join them as indispensable parties to the underlying lawsuit which gave rise to their wrongful use of civil proceedings action. Therefore, the Harts have standing to assert a wrongful use of civil proceedings action against Mrs. O’Malley.
 

 Additionally, the Harts have pled that the underlying action was terminated in their favor. The Harts have also
 
 *167
 
 asserted that Mrs. O’Malley instituted the proceedings without probable cause. Finally, in their complaint, the Harts have alleged that Mrs. O’Malley maliciously and wrongfully instituted the underlying action to improperly interfere with the Harts’ legal and beneficial use of their land. Accordingly, as the Harts have standing to maintain an action for wrongful use of civil proceedings against Mrs. O’Malley and have pled sufficient facts which, if proven, establish a claim for wrongful use of civil proceedings, we hold that it was error for the trial court to grant Mrs. O’Malley’s preliminary objections and dismiss this cause of action against her.
 

 However, with regard to Mr. Aliano, the Harts fail to state a claim under which relief may be granted. We discuss an attorney’s liability for wrongful use of civil process in
 
 Kelly-Springfield Tire Co. v. D’Ambro, supra.
 
 An attorney of record has probable cause for initiating a civil action if he believes “in good faith that his ... initiation ... of a civil cause is not intended to merely harass or maliciously injure the other party.”
 
 Id.,
 
 408 Pa.Super. at 305, 596 A.2d at 867 (citing 42 Pa.C.S.A. § 8352(3)).
 
 See also Shaffer v. Stewart, supra.
 
 Comment (d) to Section 674 of the Restatement (Second) of Torts also discusses the potential liability of a lawyer for wrongful use of civil proceedings.
 

 An attorney who initiates a civil proceeding on behalf of his client[,] ... even if he has no probable cause and is convinced that his client’s claim is unfounded, ... is still not liable if he acts primarily for the purpose of aiding his client in obtaining a proper adjudication of his claim.
 
 (See
 
 § 676). An attorney is not required or expected to prejudge his client’s claim, and although he is fully aware that its chances of success are comparatively slight, it is his responsibility to present it to the court for adjudication if his client so insists after he has explained to the client the nature of the chances.
 

 If, however, the attorney acts without probable cause or belief in the possibility that the claim will succeed, and for an improper purpose, as, for example, to put pressure upon the person proceeded against in order to compel
 
 *168
 
 payment of another claim of his own or solely to harass the person proceeded against by bringing a claim known to be invalid, he is subject to the same liability as any other person.
 

 Restatement (Second) of Torts § 674 comment (d).
 

 Instantly, the Harts do not allege that Mr. Aliano initiated the equity action to harass or maliciously injure them. Additionally, the Harts have not alleged that Mr. Aliano initiated the civil proceedings to put pressure on them in order to gain their cooperation or that he acted without belief of the possibility that the equity action could succeed. At worst, the complaint alleges that Mr. Aliano was negligent. Absent more, a claim of negligence is not sufficient to maintain a cause of action under 42 Pa.C.S.A. § 8351 against an attorney filing a lawsuit on behalf of his client. Thus, the Harts have failed to aver sufficient facts to state a claim for wrongful use of civil proceedings against an attorney representing a client. Therefore, it was not error for the trial court to sustain Mr. Aliano’s preliminary objections and dismiss this cause of action against him.
 

 The Harts next challenge the dismissal of their complaint alleging abuse of process. “Abuse of civil process is concerned /with the perversion of a process after it is issued.”
 
 Rosen v. Tesoro Petroleum Corp.,
 
 399 Pa.Super. 226, 236, 582 A.2d 27, 32 (1990),
 
 alloc. denied,
 
 527 Pa. 636, 592 A.2d 1303 (1991) (quoting
 
 McGee v. Feege,
 
 517 Pa. 247, 253, 535 A.2d 1020, 1023 (1987)). The Restatement (Second) of Torts § 682 defines the tort “abuse of process” as the use of legal process against another “primarily to accomplish a purpose for which it is not designed.”
 
 Rosen v. American Bank of Rolla, supra,
 
 426 Pa.Super. at 381, 627 A.2d at 192 (quoting Restatement (Second) of Torts § 682). “To establish a claim for abuse of process, it must be shown that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed, and (3) harm has been caused to the plaintiff.”
 
 Id.
 
 at 382, 627 A.2d at 192. “The word ‘process’ as used in the tort of abuse of process has been interpreted broadly and encompasses the entire range of
 
 *169
 
 procedures incident to the litigation process.”
 
 Id.
 
 at 381, 627 A.2d at 192.
 

 The Harts argue that the institution of the preliminary injunction
 
 [2]
 
 and the March 6, 1992 continuance which delayed the hearing to review the propriety of the preliminary injunction was an instance of abuse of process. The Harts aver that because of the continuance, the preliminary injunction “was perverted from redressing any alleged harm done to O’Malley into the objective of preventing the Harts from proceeding with the expansion of their Mobile Home Park for what amounted to (because of the onset of winter) an entire year.” Harts’ Brief at 20.
 
 [3]
 
 We disagree.
 

 
 *170
 
 The material facts necessary to support the cause of action for abuse of process must establish (1) that Elizabeth O’Malley’s stipulation to the first continuance constituted the use of a legal process, (2) that the primary purpose for which Elizabeth O’Malley agreed to the continuance was not the purpose for which continuances are intended, and (3) that the delay resulting from Elizabeth O’Malley’s stipulation harmed the appellants.
 
 See Rosen v. American Bank of Rolla, supra
 
 at 381, 627 A.2d at 192. The material facts set forth in the appellants’ complaint, when read in conjunction with the applicable law, do not support a cause of action for abuse of process.
 

 The averments of the complaint are not sufficient to establish that Elizabeth O’Malley “used” a legal process. The term “use”, in the context of an abuse of process claim, requires that a party actively seek and employ a legal process primarily for the purpose of harming an adverse party. The Harts’ complaint is grounded upon the allegation that Elizabeth O’Malley “entered into a stipulation” for the first continuance. There is no assertion that the first continuance was initiated by Elizabeth O’Malley, only that Elizabeth O’Malley agreed to it.
 

 Moreover, the complaint fails to address an essential element of the tort of abuse of process, i.e., that the process was used primarily for a purpose for which the process was not designed.
 
 See McGee v. Feege, supra,
 
 517 Pa. at 253, 535 A.2d at 1023;
 
 Rosen v. American Bank of Rolla, supra,
 
 426 Pa.Super. at 381-82, 627 A.2d at 192;
 
 Rosen v. Tesoro Petroleum Corporation, supra,
 
 399 Pa.Super. at 235, 582 A.2d at 32. It is not enough that the process employed was used with a collateral purpose in mind.
 

 A cause of action for abuse of process requires “[s]ome definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process ... [;]
 
 there is no liability where the defendant has
 
 
 *171
 

 done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.”
 

 Shaffer v. Stewart, supra,
 
 326 Pa.Super. at 138-39, 473 A.2d at 1019 (quoting
 
 Di Sante v. Russ Financial Co.,
 
 251 Pa.Super. 184, 189, 380 A.2d 439, 441 (1977) (emphasis supplied)).
 
 See also Junod v. Bader, supra,
 
 312 Pa.Super. at 96-97, 458 A.2d at 253.
 
 Accord Mozzochi v. Beck,
 
 204 Conn. 490, 529 A.2d 171 (1987) (no cause of action where process used for intended purpose, even if there was an incidental motive);
 
 Community Nat. Bank in Monmouth v. McCrery,
 
 156 Ill.App.3d 580, 108 Ill.Dec. 696, 509 N.E.2d 122 (1987),
 
 appeal denied,
 
 116 Ill.2d 550, 113 Ill.Dec. 295, 515 N.E.2d 104 (1987) (even if bad motive or ulterior motive was shown, complaint must also allege that the process itself was used for some other improper purpose to sustain a claim for abuse of process);
 
 Zamora v. Creamland Dairies, Inc.,
 
 106 N.M. 628, 747 P.2d 923 (1987) (plaintiff failed to state cause of action for abuse of process where pleadings did not allege improper acts in the use of the process).
 
 Cf. Peterson v. Worthen Bank and Trust Co., N.A.,
 
 296 Ark. 201, 753 S.W.2d 278 (1988) (use of writs of garnishment in order to get judgment debtor fired from job represented ulterior motive upon which cause of action for abuse of process could be based);
 
 Scozari v. Barone,
 
 546 So.2d 750 (Fla.Dist.Ct.App.1989) (use of action to impose lien on house for use as bargaining chip to negotiate custody of child was ulterior motive upon which a cause of action for abuse of process could be based);
 
 Meehan v. Michigan Bell Telephone Co.,
 
 174 Mich.App. 538, 436 N.W.2d 711 (1989) (jury could find abuse of process based on defendant’s offer to drop charges as a bargaining chip);
 
 Volk v. Wisconsin Mortg. Assur. Co.,
 
 474 N.W.2d 40 (N.D.1991) (evidence raised reasonable inference that defendants attempted to use foreclosure action as a means of coercing plaintiff to pay a deficiency judgment not allowed under state law).
 

 The Harts’ complaint alleges that the injunction was continued “for the purpose of interfering with Plaintiffs’ beneficial use of their land” and that the “use of the said injunction was for an unlawful purpose and not for a purpose for which
 
 *172
 
 injunctions are intended.” This is insufficient to state an abuse of process claim based on the first continuance for a number of reasons. Proof of abuse of process based on the first continuance requires that the appellants’ complaint factually set forth that the
 
 continuance
 
 was not used for the purpose for which continuances are intended.
 
 [4]
 
 The complaint makes no such claim. Rather, it avers that “use of the said
 
 injunction
 
 was for an unlawful purpose and not for a purpose for which
 
 injunctions
 
 are intended.” Conspicuous by its absence is any assertion that
 
 the first continuance
 
 was used for a purpose other than that for which continuances are intended, an omission which suggests that it was not the Harts’ intention to plead a separate cause of action based on the first continuance.
 

 This Court, during review of an order granting a demurrer, may not supply a fact missing in the complaint.
 
 See Leach v. Hough,
 
 352 Pa.Super. 213, 216, 507 A.2d 848, 849 (1986). We are also precluded from considering any conclusions of law or inferences which are not supported by the factual allegations contained in the complaint.
 
 Santiago v. Pennsylvania Nat. Mut. Cas. Ins. Co.,
 
 418 Pa.Super. 178, 184-85, 613 A.2d 1235, 1238-1239 (1992);
 
 MacGregor v. Mediq, Inc.,
 
 395 Pa.Super. 221, 225-26, 576 A.2d 1123, 1125 (1990). This includes argumentative allegations or expressions of opinion.
 
 Surgical Laser Technologies, Inc. v. Commonwealth, Dept. of Revenue,
 
 156 Pa.Cmwlth. 48, 56, 626 A.2d 664, 667 (1993). And while it is true that allegations of malice, intent and other conditions of the mind may be pled generally,
 
 see
 
 Pa.R.C.P. 1019(b), such characterizations of conduct, without supporting factual allegations, are insufficient.
 
 Narehood v. Pearson,
 
 374 Pa. 299, 302, 96 A.2d 895, 896 (1953),
 
 cert. denied,
 
 346 U.S. 866, 74 S.Ct. 106, 98 L.Ed. 377 (1953);
 
 *173
 

 Wallaesa v. Wallaesa,
 
 174 Pa.Super. 192, 196, 100 A.2d 149, 152 (1953).
 

 The complaint of the Harts fails to set forth those facts which, if taken as true, would illustrate that Elizabeth O’Malley’s use of the first continuance was wrongful. Rather, the complaint states a legal conclusion without the support of factual averments. In this jurisdiction, such a complaint fails to state a cause of action.
 
 [5]
 

 The Harts also have failed to state a claim for abuse of process against Mr. Aliano. An attorney is liable for abuse of process when the acts complained of are his own personal acts or the acts of others wholly instigated and carried on by him.
 
 Adelman v. Rosenbaum,
 
 133 Pa.Super. 386, 3 A.2d 15 (1938). An attorney cannot be liable for doing nothing more than carrying out the process to its authorized conclusion, even though with bad intentions.
 
 Shaffer v. Stewart, supra; Di Sante v. Russ Financial Co., supra.
 

 Presently, the Harts have failed to allege that Mr. Aliano did anything more than carry out the process of the preliminary injunction to its authorized conclusion. The Harts do not contend that Mr. Aliano, when he agreed to the first continuance, acted on his own or instigated Mrs. O’Malley to agree to the continuance. Therefore, the Harts have not stated a cause of action for abuse of process against Mr. Aliano. The trial court did not err when it granted his preliminary objections and dismissed this cause of action against Mr. Aliano.
 
 [6]
 

 
 *174
 
 The Harts also argue that the trial court erred when it granted the demurrer and dismissed their complaint for intentional infliction of emotional distress against Mrs. O’Malley based solely upon conflicting pleadings. The trial court did not dismiss the complaint based on conflicting pleadings. Rather, the trial court dismissed the complaint because the Harts failed to state a claim under which recovery is possible.
 

 There is much controversy over whether Pennsylvania jurisprudence recognizes the tort of intentional infliction of emotional distress.
 
 See Kazatsky v. King David Memorial Park,
 
 515 Pa. 183, 527 A.2d 988 (1987) (did not adopt the definition of the tort of intentional infliction of emotional distress as defined by Restatement (Second) of Torts § 46);
 
 Johnson v. Caparelli,
 
 425 Pa.Super. 404, 625 A.2d 668 (1993) (discusses the different cases addressing the tort of intentional infliction of emotional distress; notes some cases adopted § 46 of the Restatement (Second) of Torts and some do not);
 
 Kelly v. Resource Housing of America, Inc.,
 
 419 Pa.Super. 393, 615 A.2d 423 (1992) (does not recognize the tort of intentional infliction of emotional distress);
 
 Strain v. Ferroni,
 
 405 Pa.Super. 349, 592 A.2d 698 (1991) (does not adopt the Restatement (Second) of Torts § 46’s definition of the tort of intentional infliction of emotional distress);
 
 Baker v. Morjon,
 
 393 Pa.Super. 409, 574 A.2d 676 (1990) (same).
 
 Compare, Hackney v. Woodring,
 
 424 Pa.Super. 96, 622 A.2d 286 (1993) (§ 46 of the Restatement (Second) of Torts definition of the tort of intentional infliction has been adopted by this Commonwealth);
 
 Abadie v. Riddle Memorial Hospital,
 
 404 Pa.Super. 8, 589 A.2d 1143 (1991) (same);
 
 Motheral v. Burkhart,
 
 400 Pa.Super. 408, 583 A.2d 1180 (1990) (same);
 
 Field v. Philadelphia Elec. Co.,
 
 388 Pa.Super. 400, 565 A.2d 1170 (1989) (same; distinguishing the Superior Court case of
 
 Kazatsky v. King David Memorial Park, supra
 
 on procedural grounds).
 
 Compare also Ford v. Isdaner,
 
 374 Pa.Super. 40, 542 A.2d 137 (1988),
 
 alloc. denied,
 
 520 Pa. 617, 554 A.2d 509 (1988) (interprets
 
 Kazatsky v. King David Memorial Park, supra
 
 as stating the
 
 *175
 
 tort of intentional infliction of emotional distress is not recognized in this Commonwealth). However, it is clear that in Pennsylvania, in order to state a claim under which relief can be granted for the tort of intentional infliction of emotional distress, the plaintiffs must allege physical injury.
 
 Kazatsky v. King David Memorial Park, supra; Johnson v. Caparelli, supra; Kelly v. Resource Housing of America, supra; Love v. Cramer,
 
 414 Pa.Super. 231, 606 A.2d 1175 (1992);
 
 Strain v. Ferroni, supra.
 

 Instantly, in the count for intentional infliction of emotional distress against Mrs. O’Malley, the Harts fail to allege physical injury.
 
 [7]
 
 Thus, under the tort of intentional infliction of emotional distress in Pennsylvania, the Harts have failed to state a claim. The trial court did not err in dismissing the Harts’ complaint against Mrs. O’Malley for intentional infliction of emotional distress.
 

 The last issue for our review is whether the trial court erred in not allowing the Harts to file responsive pleadings to Mr. Aliano’s preliminary objections. The Harts contend that because their preliminary objections were dismissed, they have a right to plead over; to respond to Mr. Aliano’s preliminary objections. The Harts claim that this right is absolute and cite
 
 Ambrose v. Cross Creek Condominiums,
 
 412 Pa.Super. 1, 602 A.2d 864 (1992) (Wieand, J., dissenting) to support their averment. We agree that
 
 Ambrose v. Cross Creek Condominiums, supra
 
 does hold that a plaintiff whose preliminary objections to a defendant’s preliminary objections were dismissed does have a right to file a responsive pleading to the defendant’s preliminary objections.
 

 Presently, Mrs. O’Malley and Mr. Aliano filed separate but substantially similar preliminary objections. The trial court, in its opinion, did not differentiate between the two sets of
 
 *176
 
 preliminary objections. More important, however, is that the Harts did respond to Mrs. O’Malley’s preliminary objections which were substantially the same as Mr. Aliano’s. As it is unlikely that the Harts would be able to file different responsive pleadings to Mr. Aliano’s preliminary objections than they filed to Mrs. O’Malley’s, which were substantially similar to Mr. Aliano’s, and the Harts did respond to Mrs. O’Malley’s preliminary objections, the Harts’ right to file responsive pleadings to Mr. Aliano’s preliminary objections has been met for all practical purposes.
 
 [8]
 
 The trial court did not err by refusing to allow the Harts to file responsive pleadings to Mr. Aliano’s preliminary objections.
 

 We reverse that part of the trial court’s order which dismisses the Harts’ complaint for wrongful use of civil proceedings against Mrs. O’Malley. We affirm that part of the trial court’s order which dismisses the Harts’ complaint for wrongful use of civil proceedings and abuse of process against Mr. Aliano and the complaint for abuse of process and intentional infliction of emotional distress against Mrs. O’Malley. We also affirm that part of the trial court’s order which overrules the Harts’ preliminary objections to all of Mr. Aliano’s preliminary objections.
 

 Order reversed in part, affirmed in part.
 

 [1]
 

 . Mr. Aliano does not address the issue of the Harts’ standing to maintain an action under 42 Pa.C.S.A. § 8351. However, the discussion regarding the Harts’ standing is also applicable to him.
 

 [2]
 

 . A preliminary injunction is a process in civil litigation. The Harts allege that the preliminary injunction was instituted for an improper purpose. However, this claim, if proven, only establishes a cause of action for wrongful use of civil proceedings, not a claim for abuse of process.
 

 [3]
 

 . Appellee, Mr. Aliano, argues that the Harts waived any objection to the use of process which instituted the action because they were intervenors. Also, Mr. Aliano avers that because the Harts chose to intervene they cannot now complain about the preliminary injunction or the first stipulation which continued it. Appellee, Mrs. O’Malley, does not make these contentions. Instead, she argues that the Harts withdrew their claim for abuse of process at the oral argument on the preliminary objections. The record does not contain the transcript of the oral arguments, nor is there anything in the record to substantiate this claim. In its opinion, the trial court discusses and disposes of the claim of abuse of process on the basis of the preliminary objections. Because there is no indication in the record that the Harts withdrew the claim, we will not view the claim of abuse of process as having been withdrawn.
 

 As to Mr. Aliano’s argument, he correctly states that "[[Intervention is a procedural tool by which a person, not originally a party, can participate in a given action.”
 
 Appeal of Municipality of Penn Hills,
 
 519 Pa. 164, 168, 546 A.2d 50, 52 (1988). It is well settled that an intervenor must take the suit as he finds it.
 
 Appeal of Municipality of Penn Hills, supra
 
 at 169, 546 A.2d at 52;
 
 Pennsylvania Coal Mining Ass’n. v. Department of Envtl. Resources,
 
 498 Pa. 1, 4, 444 A.2d 637, 638 (1982);
 
 Tremont Township Sch. Dist. v. Western Anthracite Coal Co.,
 
 381 Pa. 276, 280, 113 A.2d 234, 237 (1955);
 
 Commonwealth ex rel. Chidsey v. Keystone Mut. Casualty Co.,
 
 366 Pa. 149, 153-54, 76 A.2d 867, 870 (1950).
 

 However, as we recognized above, the Harts should have been joined as indispensable parties and should not be held to have entered the suit with the more limiting status of intervening parties. Because we recognize the Harts as indispensable parties to the underlying equity
 
 *170
 
 action, they are not bound by the rules governing mere intervenors. Therefore, the Harts do not have to accept the suit as they found it when they were finally joined.
 

 [4]
 

 . “The basis for a continuance rests on the right of a party to a cause of action to try the case on its merits with a view to obtaining justice.” C.J.S. Continuances § 4.
 
 See also: Bierstein v. Whitman,
 
 355 Pa. 515, 519, 50 A.2d 334, 335-336 (1947);
 
 Cotter v. State Civil Service Commission of Commonwealth,
 
 6 Pa.Cmwlth. 498, 500, 297 A.2d 176, 179 (1972).
 

 [5]
 

 . While Paragraph 25 of the complaint states that "[t]he injunction obtained was wrongfully continued”, this is a conclusion of law which we are not required to accept as true during this review.
 
 See: Santiago v. Pennsylvania Nat. Mut. Cas. Ins. Co., supra; MacGregor v. Mediq, Inc., supra.
 

 [6]
 

 .
 
 We further note that the delay caused by the appeal is not an instance of abuse of process. The Harts’ new counsel delayed the review hearing of the preliminary injunction by filing an appeal to the Commonwealth Court. The Common Pleas Court was divested of jurisdiction to hold a hearing regarding the continuance of the preliminary injunction and so was constrained to wait for the disposition of the appeal before it could review the preliminary injunction. As Mrs. O’Malley and Mr. Aliano did not file the appeal, nor prolong it, they
 
 *174
 
 cannot be liable for abuse of process for the delay which stemmed from the appeal.
 

 [7]
 

 . We note that the Harts allege physical injury in their counts for wrongful use of civil proceedings and abuse of process against Mrs. O'Malley. However, the Harts fail to incorporate those paragraphs in the count for intentional infliction of emotional distress. Their failure to incorporate those paragraphs must be viewed as intentional as they did incorporate other, relevant paragraphs located elsewhere in the complaint in the count for intentional infliction of emotional distress.
 

 [8]
 

 . We recognize that the appellate briefs filed by Mrs. O’Malley and Mr. Aliano are not substantially similar. However, the issue is whether the Harts were able to file responsive pleadings to Mr. Aliano’s preliminary objections. As the preliminary objections of Mrs. O'Malley and Mr. Aliano were substantially similar, the Harts did have the chance to file responsive pleadings to Mr. Aliano’s.