**Terese Anne MOSER, Appellant,**

v.

**Deborah ROBERTS, Appellee.**

No. 13–03–486–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Feb. 16, 2006.

Neil E. Norquest, Rodriguez, Colvin, Chaney & Saenz, McAllen, for appellant.

A. Peter Thaddeus, McAllen, for appellee.

Before Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

OPINION

Opinion by Justice RODRIGUEZ.

Appellee/cross-appellant, Deborah Roberts (Roberts), filed suit against appellant/cross-appellee, Terese Anne Moser (Moser), asserting multiple causes of action, including slander, libel, intentional infliction of emotional distress (IIED), and three complaints for malicious prosecution.

The jury returned a verdict in favor of Roberts on libel, IIED, and two of her three claims for malicious prosecution, and against Roberts on slander and the remaining claim for malicious prosecution.[1] Finding that the "various causes of action contain[ed] the same damages," the trial court limited the form of recovery to IIED and awarded only those damages assigned by the jury to that cause of action. Thereafter, this appeal ensued.

By eight issues, Moser generally complains of the sufficiency of the evidence with respect to Roberts's claims for libel, IIED, and malicious prosecution.[2] On cross-appeal, Roberts contends the trial court erred (1) by limiting her award to IIED damages and (2) alternatively, by granting, sua sponte, a judgment notwithstanding the verdict on her libel and malicious prosecution causes of action. We reverse and remand.

## I. Background

Roberts and her former husband, Mark Roberts, divorced in 1993. Mr. Roberts was named managing conservator of their two children, while Roberts was named possessory conservator of the children with restricted visitation rights. Subsequent to the divorce, Moser became involved in a relationship with Mr. Roberts. Therefore, it became necessary, on occasion, for Roberts to communicate with Moser to make arrangements regarding the visitation of her children or to speak

with her children when she called the home of Moser and Mr. Roberts. At times, conflicts arose between the two parties.

At trial, Roberts established that Moser recorded a voice message on her cell phone that stated: "If this is Deborah Roberts calling to harass me again, I'm sorry, your number has been blocked." The record also shows that Moser published a letter to Roberts's father, which read in part: "They [Moser's children] have a fear of her [Roberts] as a child would of a 'mad dog.' ... I find it laughable ... given her uneducated, unsophisticated, fowl [sic] mouthed, bitter rages.... I have witnessed ... this maniac trying to destroy their commitment and homelife." In addition, the record demonstrates that Moser filed complaints with the Brownsville Police Department that resulted in the criminal prosecution of Roberts for telephone harassment, obscene phone calls, and trespass.[3]

Based on the above facts, Roberts filed the underlying lawsuit against Moser asserting claims for slander, libel, IIED, and malicious prosecution. Eight questions, one for each cause of action and one for damages based on each claim, were submitted to the jury. Although the jury awarded Roberts $193,000 for libel, $340,000 for IIED, and $30,000 for malicious prosecution, the trial court limited her recovery to the $340,000 awarded by the jury for IIED.[4]

1. The jury found for Roberts on her claims for malicious prosecution relating to obscene phone calls and trespass and against Roberts on her claim for malicious prosecution with respect to telephone harassment.

2. Moser also contends that Roberts's claims for malicious prosecution were barred by limitations.

3. In the criminal prosecution of Roberts, the jury found Roberts not guilty on the telephone

harassment and trespass charges. The charge related to obscene phone calls was dismissed by directed verdict.

4. On her claim for libel, the jury awarded Roberts $80,000 for past mental anguish and humiliation, $33,000 for future mental anguish and humiliation, $60,000 for loss of reputation in the past, and $20,000 for loss of reputation in the future. With respect to her claim for IIED, the jury awarded Roberts $50,000 for past mental anguish and humilia-

## II. Intentional Infliction of Emotional Distress

Moser has filed two supplemental letter briefs to bring to the Court's attention two cases recently decided by the Texas Supreme Court that address the limited availability of the tort of IIED. *See Creditwatch, Inc. v. Jackson,* 157 S.W.3d 814, 815–16 (Tex.2005); *Hoffmann–La Roche, Inc. v. Zeltwanger,* 144 S.W.3d 438, 446–48, 450 (Tex.2004). Before addressing the issues raised by the parties, we must first address the threshold issue of whether Roberts was entitled to recover under her claim for IIED when she also brought claims for slander, libel, and malicious prosecution.

### A. The Law

 The Texas Supreme Court first recognized the independent tort of intentional infliction of emotional distress in 1993. *Standard Fruit & Vegetable Co., Inc. v. Johnson,* 985 S.W.2d 62, 65 (Tex. 1998) (citing *Twyman v. Twyman,* 855 S.W.2d 619, 621–22 (Tex.1993)). To recover under IIED, a plaintiff must prove that (1) the defendant acted intentionally or recklessly, (2) the conduct was extreme and outrageous, (3) the actions of the defendant caused the plaintiff emotional distress, and (4) the resulting emotional distress was severe. *Id.* (citing *Twyman,* 855 S.W.2d at 621). However, the tort of IIED is first and foremost a "gap-filler" tort which was created for the "limited purpose of allowing recovery in those rare instances where a defendant inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffmann–La Roche, Inc.,* 144 S.W.3d at 447 (citing *Standard Fruit*

*& Vegetable Co., Inc.,* 985 S.W.2d at 68). The tort's clear purpose is to supplement existing forms of recovery by providing a cause of action for egregious conduct that might otherwise go unremedied. *Id.; see Standard Fruit & Vegetable Co., Inc.,* 985 S.W.2d at 68. The tort of IIED "simply has no application when the actor intends to invade some other legally protected interest, even if emotional distress results." *Hoffmann–La Roche, Inc.,* 144 S.W.3d at 447 (citing in accord *Messick v. Toyota Motor Mfg., Ky., Inc.,* 45 F.Supp.2d 578, 582 (E.D.Ky.1999) (no claim for intentional infliction of emotional distress because plaintiff had an existing form of recovery for emotional distress under civil rights statute); *K.G. v. R.T.R.,* 918 S.W.2d 795, 799 (Mo.1996) (intentional infliction of emotional distress claims "will not lie where the alleged conduct is intended to invade other legally protected interests of the plaintiff"); *McIntyre v. Manhattan Ford, Lincoln–Mercury, Inc.,* 256 A.D.2d 269, 682 N.Y.S.2d 167, 169 (N.Y.App.Div. 1998) (no reason to apply tort of intentional infliction of emotional distress where an applicable statute expressly provides for emotional distress damages); *Haubry v. Snow,* 106 Wash.App. 666, 31 P.3d 1186, 1193 (Wash.Ct.App.2001) ("employee may recover damages of emotional distress ... but only if the factual basis for the claim is distinct from the factual basis for the discrimination claim")); *Standard Fruit & Vegetable Co., Inc.,* 985 S.W.2d at 67 (citing RESTATEMENT (SECOND) OF TORTS § 47 cmt. a (1965)). Thus, where the gravamen of a plaintiff's complaint is really another tort, IIED is not available as a cause of action. *Hoffmann–La Roche, Inc.,* 144 S.W.3d at 447–48 (citing *Provencher v. CVS Pharmacy,* 145 F.3d 5, 12 (1st Cir.

---

tion, $50,000 for future mental anguish and humiliation, $40,000 for loss of reputation in the past, and $200,000 for loss of reputation in the future. On her claim for malicious prosecution, the jury awarded Roberts $5,000 for mental anguish and humiliation and $25,000 in attorney's fees.

1998) (defamation); *Thompson v. Sweet,* 194 F.Supp.2d 97, 103 (N.D.N.Y.2002) (malicious prosecution, false imprisonment); *Norris v. Bangor Publ'g Co.,* 53 F.Supp.2d 495, 508–09 (D.Me.1999) (defamation); *Barker v. Huang,* 610 A.2d 1341, 1351 (Del.1992) (defamation); *Banks v. Fritsch,* 39 S.W.3d 474, 481 (Ky.Ct.App.2001) (false imprisonment and assault and battery); *Nazeri v. Mo. Valley Coll.,* 860 S.W.2d 303, 316 (Mo.1993) (defamation); *Quaker Petroleum Chems. Co. v. Waldrop,* 75 S.W.3d 549, 555 (Tex.App.-San Antonio 2002, no pet.) (negligence, gross negligence); *Rice v. Janovich,* 109 Wash.2d 48, 742 P.2d 1230, 1238 (Wash.1987) (assault)).

### B. Analysis

■ In her second amended petition, Roberts incorporated all facts set out in support of her claims for slander, libel, and malicious prosecution to support her cause of action for IIED. She also asserted that such conduct (1) was extreme and outrageous, (2) was intentional and/or reckless, and (3) caused plaintiff emotional distress that was severe. *See Standard Fruit & Vegetable Co., Inc.,* 985 S.W.2d at 65 (identifying the elements of IIED). The gravamen of Roberts's complaint as pleaded rested on her claims for slander, libel, and malicious prosecution. *See Hoffmann–La Roche, Inc.,* 144 S.W.3d at 447–48. Because Roberts's claims for slander, libel, and malicious prosecution afforded her a remedy for any resulting emotional distress, there was no gap left to fill with an IIED cause of action. *See Creditwatch, Inc.,* 157 S.W.3d at 816 (providing that even if other remedies do not explicitly preempt the tort of IIED, their availability leaves no gap to fill). Thus, we conclude the tort of IIED was not available to her based on the facts supporting those causes of action. *Id.; see Hoffmann–La Roche, Inc.,* 144 S.W.3d at 447–48.

■ Nonetheless, Roberts argues on appeal that Moser's "continuous insidious conduct" was a separate event for which a claim of IIED could stand alone. *See Hoffmann–La Roche, Inc.,* 144 S.W.3d at 441, 447 (stating that when the gravamen of the plaintiff's complaint is really another tort, the plaintiff must proceed solely under the other tort unless there are additional, unrelated facts to support an independent claim for IIED). However, Roberts does not refer the Court to additional, unrelated facts in the record that support an independent claim for IIED, and she does not support her contention with clear and concise arguments. Therefore, this assertion has been waived. *See* Tex.R.App. P. 38.1(h) (providing contentions on appeal must be supported by clear and concise arguments with appropriate citations to authorities and to the record); *id.* at rule 38.2(a) (setting out that an appellee's brief must conform to the requirements of rule 38.1).

### III. Conclusion

Accordingly, we reverse the trial court's judgment and remand the cause to the trial court for the rendition of judgment consistent with this opinion.[5]

■

---

**5.** Having remanded the cause to the trial court for rendition of appropriate judgment, we do not reach appellant's and appellee's issues. *See* Tex.R.App. P. 47.1.