**FRANCIS B. DIAZ AND MICHAEL B. DIAZ as Personal Representative for the Estate of CATHERINE P. DIAZ, Plaintiffs**
**v.**
**PAUL RAMSDEN and GIRARD RYAN, Defendants**

Case No. SX-12-CV-369

Superior Court of the Virgin Islands

Division of St. Croix

September 22, 2016

WILLOCKS, *Administrative Judge*

## MEMORANDUM OPINION

(September 22, 2016)

**THIS MATTER** is before the Court on Defendant Paul Ramsden's (hereinafter "Defendant" or "Ramsden") Motion to Dismiss (hereinafter "Motion"), filed May 15, 2013. Plaintiffs Catherine P. Diaz (hereinafter "Catherine") and Francis B. Diaz (hereinafter "Francis") (collectively "Plaintiffs") filed an opposition (hereinafter "Opposition") on June 4, 2013. Ramsden replied to the opposition on June 17, 2013. Ramsden filed a Motion for Ruling on February 13, 2014. On June 18, 2015 the Court issued an Order *sua sponte* granting the parties leave to file a

supplemental brief, in light of *Banks*[1] and *Connor*.[2,3] For the following reasons, the Court will grant Ramsden's Motion. Counts VI and VII will be dismissed.

## FACTS AND PROCEDURAL HISTORY

On May 4, 2012[4], Plaintiffs allegedly went to Asian Restaurant d/b/a J.O.S., Inc. (hereinafter "Restaurant") to talk to the Restaurant's owner and Catherine's former employer Jian Xin Tan (hereinafter "Tan"). (Am. Compl. ¶¶ 6-7.) Catherine wanted to inquire about a discrepancy in the reporting of her Social Security income. (Am. Compl. ¶ 7.) Tan indicated that his English was not fluent and referred Catherine to his daughter Kelly Ramsden (hereinafter "Kelly"), a Restaurant employee, for assistance. (Am. Compl. ¶ 8.) At Tan's and Kelly's request, Ramsden and Girard Ryan (hereinafter "Ryan") arrived at the Restaurant to assist Catherine. (Am. Compl. ¶¶ 9-10.) While Ramsden was on the phone with Kelly, Ryan allegedly began talking loudly to Catherine. (Am. Compl. ¶ 12.) Catherine allegedly asked Ryan to leave her alone so that she could talk on the phone with Kelly. (Am. Compl. ¶ 13.) Ryan allegedly began punching Catherine in the face and body without provocation. (Am. Compl. ¶ 14.) Ramsden allegedly began to punch and kick Francis without provocation. (Am. Compl. ¶ 15.) As a result of the altercation, Catherine allegedly suffered swelling in her head, a laceration behind her left ear and nose, and a bruise on her left arm. Francis allegedly suffered with pain to the head and chest area. (Am. Compl. ¶ 17.)

---

[1] *Banks v. International Rental & Leasing Corp.*, 55 V.I. 967 (V.I. 2011).

[2] *Government of the Virgin Islands v. Connor*, 60 V.I. 597 (V.I. 2014).

[3] Neither party complied with the Court's Order. On July 20, 2015, Defendant filed a supplemental brief but failed to include a *Banks* analysis. Plaintiffs did not file a supplementary brief.

[4] On May 4, 2012, a criminal case was filed against Ramsden and Ryan charging them with Simple Assault and Battery/Principals, in violation of 14 V.I.C. § 299(2) and 11(a). On December 17, 2012, the charges against Ramsden were dismissed with prejudice. Plaintiffs filed the instant action against Ramsden, Ryan and the Restaurant on September 14, 2012. On November 9, 2012, an entry of default was entered by the clerk against Ryan. Subsequently, the parties stipulated to dismiss with prejudice the Restaurant. *See* January 21, 2015 Order. Catherine passed away on February 10, 2013. A suggestion of death was filed on March 7, 2013. The Court granted Plaintiffs' motion to substitute Michael B. Diaz, as personal representative for the estate of Catherine P. Diaz, as Plaintiff for this matter. *See* March 12, 2015 Order.

On September 14, 2012, Plaintiffs filed the instant action.[5] The issue before the Court is whether to dismiss Plaintiffs' intentional infliction of emotional distress and negligent infliction of emotional distress claims.

## STANDARD

■ In ruling on a motion to dismiss for failure to state a claim for relief, the Superior Court must conduct a three-step analysis:

> First, the court must take note of the elements a plaintiff must plead to state a claim so that the court is aware of each item the plaintiff must sufficiently plead. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. These conclusions can take the form of either legal conclusions couched as factual allegations or naked [factual] assertions devoid of further factual enhancement. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief. If there are sufficient remaining facts that the court can draw a reasonable inference that the defendant is liable based on the elements noted in the first step, then the claim is plausible.[6]

## DISCUSSION

Ramsden contends that Plaintiffs have failed to state a claim for intentional infliction of emotional distress (hereinafter "IIED").[7] With respect to the IIED claim, Plaintiffs and Ramsden rely on RESTATEMENT (SECOND) OF TORTS § 46 (hereinafter "Section 46").[8] Ramsden asserts that Plaintiffs failed to allege any physical injury resulting from IIED or conduct severe enough to support a claim for IIED.[9] Plaintiffs contend that their IIED claim should not be dismissed because "suddenly

---

[5] By Order entered June 23, 2015, this Court granted Plaintiffs' Motion to file an Amended Complaint *nunc pro tunc* July 2, 2013.

[6] *See Fleming v. Cruz*, 62 V.I. 702, 713-714 (V.I. 2015) (citations omitted).

[7] Def.'s Mot. to Dismiss at 6-12.

[8] Plaintiffs did not submit a supplementary brief with a *Banks* analysis of their common law claims.

[9] Def.'s Mot. to Dismiss at 7-10.

punching another without provocation is sufficiently extreme and outrageous conduct to support an IIED claim."[10]

Next, Ramsden argues that Plaintiffs have failed to state a claim for negligent infliction of emotional distress (hereinafter "NIED").[11] Ramsden relies on RESTATEMENT (SECOND) OF TORTS § 436A. He argues that Plaintiffs' complaint cannot support an NIED claim because they fail to allege any bodily injury resulting from "unintentional infliction of emotional distress."[12] Plaintiffs argue that their NIED claim is sufficient because physical injuries coupled with severe emotional distress is enough to support their NIED claim.[13]

In support of his assertions, Ramsden argues that the holding in *Joseph v. Sugar Bay Club & Resort*, 2014 V.I. LEXIS 14 (V.I. Super. Ct. Mar. 17, 2014) (reversed on other grounds) adopting Section 46 for IIED claims and *Berrios v. HOVIC*, Civ. No. 05-CV-192-F, 2010 U.S. Dist. LEXIS 77525, at *26-28 adopting section 313 of the Restatement (Second) of Torts for NIED claims as the soundest rule for the Virgin Islands remains good law and there is no need to conduct a *Banks* analysis.[14]

■ The Supreme Court of the Virgin Islands (hereinafter "Supreme Court") has held that the opinions of the Superior Court and the District Court of the Virgin Islands are merely persuasive and not binding on this Court.[15] This Court must conduct its own independent analysis.[16]

## I. Intentional Infliction of Emotional Distress Claim

■ The Supreme Court has not yet addressed what rule is applicable to a common law IIED claim. When faced with questions of common law

---

[10] Pls' Opp'n to Mot. to Dismiss at 3.

[11] Ramsden failed to conduct a *Banks* analysis of the NIED claim. *See* June 18, 2015 Order.

[12] Def.'s Mot. to Dismiss at 11.

[13] Pls.' Opp'n to Mot. to Dismiss at 3.

[14] Def.'s Supplemental Mot. at 3-4.

[15] *See Hamed v. Hamed*, 63 V.I. 529, 534 (V.I. 2015) (noting that decisions in the District Court Appellate Division are not binding on the Superior Court); *see also In the Matter of Q.G.*, 60 V.I. 654, 661 n.8 (V.I. 2014) (explaining that the decision of a single Superior Court judge is not binding precedent on other Superior Court judges) (collecting cases). *See also Davis v. People of the V.I.*, 2014 V.I. Supreme LEXIS 40, at *4 (V.I. 2014).

[16] *Id.*

that lack precedent, the Superior Court must perform a three-part analysis.[17] To determine the common law, the Court must ascertain: "(1) whether any Virgin Islands courts have previously adopted a particular rule; (2) the position taken by a majority of courts from other jurisdictions; and (3) most importantly, which approach represents the soundest rule for the Virgin Islands."[18]

### a. Past practices of courts in this jurisdiction

Virgin Islands courts have consistently recognized that a party may recover damages for the tort of intentional infliction of emotional distress as an independent claim. *See Joseph*, 2014 V.I. LEXIS 14, at *1; *cf. Donastorg v. Daily News Publishing Co., Inc.*, 63 V.I. 196, 295 (V.I. Super. Ct. 2015) (adopting the test articulated in Section 46 and incorporating by reference the decision in *Joseph*). Post *Banks*, the majority of courts in the Virgin Islands have concluded that Section 46 is the soundest rule in the Virgin Islands.[19] In *Hiss*, the most recent case to perform an IIED analysis, the court also adopted Section 46.

### b. Position taken by a majority of courts in other jurisdictions

The courts of all fifty states recognize IIED as a valid cause of action and invoke Section 46, but they disagree about its status as an independent tort.[20] The majority of courts recognize IIED as an

---

[17] *Banks v. International Rental & Leasing Corp.*, 55 V.I. 967 (V.I. 2011). *See also Government of the Virgin Islands v. Connor*, 60 V.I. 597 (V.I. 2014).

[18] *Id.*

[19] *See Edwards v. Marriott Hotel Mgmt. Co. (V.I.), Inc.*, 2015 V.I. LEXIS 13, at *23 (V.I. Super. Ct. Jan. 29, 2015). *See Hiss v. Commercial Security, LLC, Inc.*, 2016 V.I. LEXIS 59, at *10 (V.I. Super. Ct. Apr. 8, 2016) (citing *First Bank of Puerto Rico v. Prosser*, 2015 V.I. LEXIS 72, at *9-12 (V.I. Super. Ct. 2015); *see also Mina v. Hotel on the Cay Time-Sharing Ass'n*, 62 V.I. 220, 235 (V.I. Super. Ct. 2015) (This Court has previously adopted the provisions of RESTATEMENT (SECOND) OF TORTS § 46 as the best rule for the Virgin Islands with regard to claims alleging intentional infliction of emotional distress ("IIED")); *cf. Estate of Burnett v. Kazi Foods of the V.I.*, 2016 V.I. LEXIS 57, at *16 (V.I. Super. Ct. May 24, 2016).

[20] Fraker, Russell, Note, *Reformulating Outrage: A Critical Analysis of the Problematic Tort of IIED*, 61 VAND. L. REV. 983, 1000, 1005 (2008). *See Modern status of intentional infliction of mental distress as independent tort; "outrage"*, 38 A.L.R.4th 998, 5b (explaining that the case of *Gmuer v Garner* (1982, Fla App D2) 426 So. 2d 972, has been disagreed with by *Metropolitan Life Ins. Co. v McCarson* (Fla App D4) 429 So. 2d 1287) and (disagreed with *Dominguez v Equitable Life Assur. Soc.* (Fla App D3) 438 So. 2d 58) has been disapproved by *Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277 (Fla. 1985), to the extent that it

independent tort that can be brought with other claims that arise from identical acts of a defendant.[21] However, a minority of courts characterize IIED as a "gap-filler," or a "residual" cause of action that can be maintained only when nothing else applies.[22] Although IIED has been widely accepted, various jurisdictions reiterate the position that IIED is "disfavored," "given a narrow view," or "treated as a limited cause of action."[23]

Everyone has suffered emotional distress at some point. As a result, courts are reluctant to allow TIED claims because they could open the flood gates of litigation, encourage frivolous claims; vague application to myriad allegations of emotional harm; and erode other torts.[24] Accordingly, courts have taken a conservative approach to IIED claims. IIED liability is restricted to claims where a defendant violated a plaintiff's dignitary interest in being free from extreme and outrageous behavior and plaintiff experiences a severe emotional "injury."[25]

---

fails to recognize availability of independent cause of action for intentional infliction of emotional distress). *See also Abednego v. St. Croix Alumina, LLC*, 63 V.I. 153, 189 n.6 (V.I. Super. Ct. 2015) (citing *Hart v. O'Malley*, 436 Pa. Super. 151, 647 A.2d 542, 553 (1994)) (collecting cases) (noting that there has been much controversy over whether Pennsylvania jurisprudence recognizes the tort of intentional infliction of emotional distress).

[21] *Id.*

[22] *Id.* (citing *Slue v. New York Univ. Med Ctr.*, 409 F. Supp. 2d 349, 371 n.16 (S.D.N.Y. 2006) ("Intentional infliction of emotional distress is a residual tort . . ."); *Moser v. Roberts*, 185 S.W.3d 912, 916 (Tex. App. 2006) ("The tort of IIED is first and foremost a 'gap filler . . . .' ").

[23] *Id.* at 1000-1001 n.65 (citing *Denny v. Elizabeth Arden Salons*, 456 F.3d 427, 436 (4th Cir. 2006) ("[IIED] is 'not favored' under Virginia law." (quoting *Ruth v. Fletcher*, 237 Va. 366, 377 S.E.2d 412, 415, 5 Va. Law Rep. 1915 (1989))); *Williams v. City of Mount Vernon*, 428 F. Supp. 2d 146, 160 (S.D.N.Y. 2006) ("Claims for intentional infliction of emotional distress are 'highly disfavored' . . . under New York law." (quoting *Torres v. Village of Sleepy Hollow*, 379 F. Supp. 2d 478, 482 (2005))); *Hill v. McHenry*, 211 F. Supp. 2d 1267, 1284 (D. Kan. 2002) ("The tort of outrage . . . 'is not a favored cause of action under Kansas law.' " (quoting *Gillum v. Fed Home Loan Bank of Topeka*, 970 F. Supp. 843, 854 (D. Kan. 1997))); *Thomas v. BSE Indus. Contractors*, 624 So. 2d 1041, 1044 (Ala. 1993) ("[Under Alabama law,] the tort of outrage is a very limited cause of action that is available only in the most egregious circumstances."); *McQuay v. Guntharp*, 331 Ark. 466, 963 S.W.2d 583, 585 (1998) ("[The Supreme Court of Arkansas] gives a narrow view to the tort of outrage . . . .").

[24] *Id.*

[25] *Id.* at 1008 (noting that the type of injury is narrowly construed by looking at the severity).

### c. The soundest rule for the Virgin Islands

For over thirty years, Virgin Islands courts have applied the "outrageous" test articulated in Section 46.[26] As mentioned above, courts continue to recognize IIED but limit recovery based on the severity of the injury. *See Alvarez*, 24 V.I. at 147 (finding no IIED claim after wrongful termination resulted in abnormally elevated blood pressure and blood sugar, the frequent headaches, debt arrearages and need for medication); *see also Hiss*, 2016 V.I. LEXIS 59, at *11 (the act of terminating an employee under the specific facts did not rise to the level of extreme and outrageous conduct).

■ The test in Section 46 sufficiently restricts IIED claims to extreme and outrageous conduct that causes severe injury. In the Virgin Islands, recovery for IIED is "reserved by the courts for only the most clearly desperate and ultra-extreme conduct."[27] Application of the test in Section 46 is sufficiently limiting to assuage concerns expressed by the majority. Therefore, this Court finds that the "outrageous" test prescribed by Section 46 continues to be the soundest law for the Virgin Islands.

■ To prevail on their IIED claim, Plaintiffs must show that: (1) defendant acted intentionally or recklessly; (2) the conduct was "extreme and outrageous;" (3) defendant's actions were the proximate cause of plaintiffs' emotional distress; and (4) plaintiffs suffered "severe emotional distress."[28]

Count VI of the Amended Complaint, alleges the following:

> Plaintiff re-allege [sic] paragraphs 1-35 and incorporate them at length herein. (Am. Compl. ¶ 36.)
>
> As set forth above, Defendant Asian Restaurant d/b/a J.O.S. Inc., through their agents, Defendants Paul Ramsden and Girard Ryan, acted with intent to inflict emotional distress on Plaintiffs Catherine P. Diaz and Francis B. Diaz. (Am. Compl. ¶ 37.)
>
> Defendant Asian Restaurant d/b/a J.O.S. Inc. agents', [sic] Defendants Paul Ramsden and Girard Ryan [sic] actions were extreme, outrageous, and reckless. (Am. Compl. ¶ 38.)

---

[26] *See Moolenaar v. Atlas Motor Inns, Inc.*, 616 F.2d 87, 89, 17 V.I. 623 (3d Cir. V.I. 1980) (appellate court applying § 46 of the Second Restatement of Torts); *see also Alvarez v. Pueblo Int'l*, 24 V.I. 141, 147 (V.I. Terr. Ct. 1989).

[27] *See Smith v. Elias*, 49 V.I. 65, 80 (V.I. Super. Ct. 2007).

[28] *See Smith*, 49 V.I. at 74. *See also Hiss*, 2016 V.I. LEXIS 59, at *10.

As a result of Defendant Asian Restaurant d/b/a J.O.S. Inc., agents, Defendants Paul Ramsden and Girard Ryan's, conduct, Plaintiffs Catherine P. Diaz and Francis B. Diaz suffered, and continues to suffer, *inter alia*, severe emotional distress, mental anguish, sleeplessness, headaches, pain and suffering, loss of enjoyment of life, humiliation and embarrassment. (Am. Compl. ¶ 39.)

Defendant Asian Restaurant d/b/a J.O.S. Inc., agents, Defendants Paul Ramsden and Girard Ryans' [sic] actions were willful, wanton and malicious, and evidenced in a reckless and callous indifference to Plaintiffs Catherine P. Diaz and Francis B. Diaz's rights, justifying an award of punitive damages as alleged therein. (Am. Compl. ¶ 40.)

■ First, the Court must decide whether Ramsden acted intentionally or recklessly. A defendant acts intentionally when he desires to inflict severe emotional distress, and also where he knows that such distress is certain, or substantially certain, to result from his conduct.[29] Here, the allegations in the Amended Complaint suggest that Ramsden intentionally punched and kicked Plaintiff Francis B. Diaz.[30] However, intentional conduct by itself is an insufficient basis for recovery under IIED.

■ Second, the Court must determine whether Ramsden's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery.[31] The threshold for establishing the requisite extreme and outrageous conduct is high.[32] The actor's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society."[33]

■ Here, Plaintiffs fail to show Ramsden's conduct was extreme and outrageous. This Court is hard pressed to accept that an alleged battery, without more, rises to the level of extreme and outrageous conduct. Plaintiffs claim to have suffered physical injuries as a result of the alleged battery.[34] However, bodily harm is not a requirement for finding

---

[29] RESTATEMENT (SECOND) OF TORTS § 46, cmt. i.

[30] Am. Compl. ¶ 15.

[31] *See Hiss*, 2016 V.I. LEXIS 59, at *10.

[32] *Id.*

[33] *See id.*

[34] Pls.' Opp'n to Mot. to Dismiss at 3.

emotional distress, despite the fact that many times such distress is followed by some sort of physical injury.[35]

The conduct described in Plaintiffs' IIED claim is not so outrageous in character, and so extreme in degree, as to go "beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *See, e.g., Rosembert v. Borough of East Lansdowne*, 14 F. Supp. 3d 631 (E.D. Pa. 2014) (Plaintiff stated claim for IIED where police officers beat him, used stun gun on him, and psychological injuries manifested); *see also Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601 (6th Cir. 2014) (IIED claim was established where parents alleged that, around 4:00 a.m., officers pounded on their front door, used the butts of their shotguns to break down two locked doors to enter their home, and blindly deployed stun guns into their home while shouting racial epithets and expletives, shocked and beat plaintiff because of plaintiff's minor traffic violations).[36]

In this case at bar, Plaintiffs' allegations are merely legal conclusions couched as factual allegations that the Court does not have to accept as true. Because the test for IIED is conjunctive, all elements must be satisfied. Plaintiffs failed to meet their burden of showing extreme and outrageous conduct — the hallmark of an IIED claim. The Court finds that Plaintiffs' IIED allegations based on their battery claim are insufficient to state a plausible claim for intentional infliction of emotional distress. Therefore, Plaintiffs' IIED claim in Count VI must be dismissed.

## II. Count Negligent Infliction of Emotional Distress

There is no binding authority establishing a test for NIED. As mentioned above, pursuant to *Banks* and its progenies, this Court must determine the soundest rule for the Virgin Islands.

### a. Past practices of courts in this jurisdiction

The Virgin Islands recognizes NIED. Prior to *Banks*, most courts in the Virgin Islands relied on the majority view requiring physical injury or

---

[35] *See Smith*, 49 V.I. at 76.

[36] Carol Schultz Vento, J.D., Ph.D., *Recovery for Emotional Distress Resulting from Actions of Law Enforcement Officers*, 101 A.L.R.5th 515, 4-7.

presence in the "zone of danger" in order to recover on an NIED claim.[37] Currently, the trend in the Virgin Islands favors adopting the minority view that rejects the common law requirement of physical injury and also rejects the requirement that plaintiff be present in the "zone of danger."[38] An NIED claim may be brought by an individual who is physically injured or a plaintiff who witnesses injury to a third person.[39]

### b. Position taken by a majority of courts in other jurisdictions

The majority of jurisdictions recognize NIED except for Arkansas[40] and Maryland.[41] Recovery for NIED claims is limited. Courts are often reluctant to allow recovery for NIED claims because of the burden on the courts applying arbitrary tests, limiting the scope of liability, taking a more straightforward approach to the way litigants resolve disputes, the unfairness of imposing heavy financial burdens on defendants who may be merely negligent, the social cost of imposing liability for all foreseeable emotional distress suffered by relatives who witnessed the injury, the intangible nature of the loss, the inadequacy of monetary damages to make the plaintiff whole, the difficulty in measuring the damage and the societal cost of attempting to compensate the plaintiff.[42]

---

[37] *See, e.g., Hill v. De Jongh*, 2012 V.I. LEXIS 11, at *15 (V.I. Super. Ct. Apr. 19, 2012) (applying RESTATEMENT (SECOND) OF TORTS § 313 and dismissing an NIED claim because of plaintiff's failure to allege physical harm); *see also Cohler v. United States*, 48 V.I. 575, 579 (D.V.I. 2006) (citing *Mingolla v. Minn. Mining and Mfg. Co.*, 893 F. Supp. 499, 506 (D.V.I. 1995) (applying RESTATEMENT (SECOND) OF TORTS §§ 436(2)-(3), 436A to plaintiffs who were in the "zone of danger").

[38] *Estate of Burnett v. Kazi Foods of the V.I.*, 2016 V.I. LEXIS 57, at *18 (V.I. Super. Ct. May 24, 2016); *Hiss*, 2016 V.I. LEXIS 59, at *12-13 (citations omitted). *See also Donastorg*, 63 V.I. at 312.

[39] *Donastorg, supra.*

[40] *FMC Corp. v. Helton*, 360 Ark. 465, 202 S.W.3d 490, 502 (2005) (holding that appellees were not entitled to damages for mental anguish under a theory of negligence and reaffirming that Arkansas does not recognize negligent infliction of emotional distress).

[41] *Hamilton v. Ford Motor Credit Co.*, 66 Md. App. 46, 502 A.2d 1057, 1066 (Ct. Spec. App. 1986) (reaffirming that NIED is not recognized because a provision for the negligent infliction of emotional distress is already made in the existing tort concept of IIED conduct amounts to extreme and outrageous recklessness).

[42] Cavanaugh, Timothy M., Comment, *A New Tort in California: Negligent Infliction of Emotional Distress (For Married Couples Only)*, 41 HASTINGS L.J. 447, 467 (1990). *See also Tobin v. Grossman*, 24 N.Y.2d 609, 615-19, 249 N.E.2d 419, 422-24, 301 N.Y.S.2d 554,

Most jurisdictions agree that defendants have a duty to refrain from negligently inflicting emotional distress on others.[43] The scope of this duty is defined by whether the claimant is an individual or a bystander.[44] However, jurisdictions differ in the way they approach NIED claims. Some jurisdictions have refused to recognize NIED as a stand-alone tort opining that damages for emotional harm could be recovered under negligence.[45]

Almost every jurisdiction has abandoned the requirement that emotional distress stem from a physical impact because "a near miss could be just as frightening as a direct hit."[46] However, Florida, Georgia, Indiana, Kansas, Kentucky and Nevada continue to adhere to the physical impact requirement.[47] Some jurisdictions allow recovery if plaintiff was in the "zone of danger" created by the traumatic event.[48] Other jurisdictions require mental suffering to be accompanied by physical symptoms.[49] However, a growing minority of jurisdictions has abandoned the physical injury and "zone of danger" requirements if the seriousness of the distress can be proved through the use of medical and psychiatric

---

558-62 (1969) (outlining policy factors that must be considered when deciding whether to permit recovery for NIED); RESTATEMENT (SECOND) OF TORTS § 436A cmt. b.

[43] See Boyles v. Kerr, 855 S.W.2d 593, 598 n.2 (Tex. 1993) (collecting cases).

[44] Donastorg, 63 V.I. at 305. See, e.g., Burgess v. Superior Court, 2 Cal. 4th 1064, 9 Cal. Rptr. 2d 615, 831 P.2d 1197, 1200-01 (1992) (en banc) (discussing the differences between direct victim and bystander causes of action for negligent infliction of emotional distress); Corgan v. Muehling, 143 Ill. 2d 296, 574 N.E.2d 602, 605, 158 Ill. Dec. 489 (1991) (same); Clark v. Estate of Rice ex rel. Rice, 653 N.W.2d 166, 170-71 (Iowa 2002) (same); Jarrett v. Jones, 258 S.W.3d 442, 446 (Mo. 2008) (en banc) (same); Montoya v. Pearson, 2006-NMCA-097, ¶ 19, 140 N.M. 243, 142 P.3d 11, 16 (acknowledging the distinction between direct victim and bystander claims).

[45] See, e.g., Burgess v. Super. Ct., 2 Cal. 4th 1064, 9 Cal. Rptr. 2d 615, 831 P.2d 1197, 1200 (1992) (negligent infliction of emotional distress) ("We have repeatedly recognized that the negligent causing of emotional distress is not an independent tort, but the tort of negligence. The traditional elements of duty, breach of duty, causation, and damages apply." (internal quotation marks, citation, and alteration omitted)); Boyles v. Kerr, 855 S.W.2d 593, 594 (Tex. 1993) (abolishing negligent infliction of emotional distress as an independent tort and holding instead that mental anguish can be recovered in negligence).

[46] See Conrail v. Gottshall, 512 U.S. 532, 547, 114 S. Ct. 2396, 129 L. Ed. 2d 427 (1994).

[47] Kircher, John J., The Four Faces of Tort Law: Liability for Emotional Harm, 90 MARQ. L. REV. 789, 810 (2007).

[48] See Armstrong v. A.I. Dupont Hospital for Children, 60 A.3d 414, 423 (Del. Super. Ct. 2012).

[49] See Payton v. Abbott Labs, 386 Mass. 540, 437 N.E.2d 171, 181 (1982).

evidence.[50] Courts are concerned with the difficulties inherent in determining liability for NIED claims. These jurisdictions reason that arbitrary legal fictions are unnecessary because advances in medicine and science have led to more accurate methods for determining whether a plaintiff has suffered severe emotional distress.[51]

### c. The soundest rule for the Virgin Islands

■ This Court also agrees with the growing minority and the Virgin Islands Courts that have abandoned the physical injury and "zone of danger" requirements. Physical injury and presence in the "zone of danger" should not be required for recovery, but should be allowed as evidence that a plaintiff has suffered a severe or serious emotional injury. Hence, this Court finds that the test for individual recovery outlined in *Donastorg*[52] is the soundest rule for the Virgin Islands.

> For an individual to recover, to prevail on a claim of negligent infliction of emotional distress under a theory that the plaintiff was the direct victim of a defendant's negligent conduct, a plaintiff must prove: (1) that the defendant owed the plaintiff a duty of care to ensure the plaintiff does not suffer serious or severe emotional injury, which duty either arose by contract or was imposed as an independent legal obligation; (2) that the defendant breached its contractual or legal obligation, i.e. its duty; and (3) that, as a direct and proximate result of defendant's breach, the plaintiff suffered a serious or severe emotional injury.

■ Here, in Count VII, Plaintiffs allege that "Defendant Asian Restaurant d/b/a J.O.S. Inc. through its agents', [sic] Defendants Paul Ramsden and Girard Ryan [sic] actions, constitute negligent infliction of emotional distress."[53] "As a result, Plaintiffs, Catherine P. Diaz and Francis B. Diaz suffered, and continues to suffer, mental anguish, sleeplessness, headaches, humiliation, embarrassment, pain and suffering

---

[50] *See Marlin v. Bill Rich Constr., Inc.*, 198 W. Va. 635, 482 S.E.2d 620, 637 (1996).

[51] *See Donastorg*, 63 V.I. at 312 (Courts from other jurisdictions have criticized such a requirement for being both over and under inclusive).

[52] 63 V.I. at 314. *See also Hiss*, 2016 V.I. LEXIS 59, at *12-13.

[53] Am. Compl. ¶ 42.

and loss of enjoyment of life."[54] These statements are insufficient to state a claim for NIED.

■ Although Plaintiffs need not make detailed factual allegations, Plaintiffs are required to give Ramsden notice of the claims raised in order for him to be prepared to defend against them at trial.[55] Plaintiffs must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[56] These statements are legal conclusions couched as factual propositions that are not entitled to an assumption of truthfulness. As a result, Plaintiffs have failed to state a plausible claim for negligent infliction of emotional distress. Therefore, Plaintiffs' NIED claim in Count VII must be dismissed.

## CONCLUSION

Based on the foregoing analysis, the Court will grant Ramsden's Motion to Dismiss Counts VI and VII. By Order entered on June 18, 2015, Plaintiffs were granted leave to amend their Complaint after Ramsden's Motion to Dismiss was filed. In their Amended Complaint, Plaintiffs failed to cure the deficiencies.[57] Allowing Plaintiffs to amend their Complaint would be futile.[58] Consequently, Plaintiffs have failed to state plausible claims for intentional infliction of emotional distress and negligent infliction of emotional distress. The Court will issue an Order consistent with this Memorandum Opinion.

---

[54] Am. Compl. ¶ 43.

[55] See Fleming, 62 V.I. at 714.

[56] Id.

[57] See Anthony v. Indep. Ins. Advisors, Inc., 56 V.I. 516, 535 (V.I. 2012) (noting that the Superior Court does not have to allow amendment where the party repeatedly failed to cure deficiencies by amendments previously allowed). Cf. Pedro v. Ranger American of the Virgin Islands, Inc., 63 V.I. 511, 523 (V.I. 2015).

[58] See Cacciamani & Rover Corp. v. Banco Popular de Puerto Rico, 61 V.I. 247, 255 (V.I. 2014) (the Superior Court is not required to allow a futile amendment).